ALVAREZ, PLAINTIFF AND APPELLANT, *v.* RIERA, DEFENDANT AND
RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in
an action for the annulment of a deed of dissolution of
partnership and other matters.

No. 1014.—Decided April 24, 1914.

CONTRACT—PURCHASE BY AGENT OF PROPERTY BELONGING TO PRINCIPAL—RATIFI-
CATION OF CONTRACT.—A contract by which an attorney in fact purchases
property belonging to his principal of which he was charged with the ad-
ministration or alienation, he thus violating the provisions of section 1362
of the Civil Code, is not void if it contains the requisites of consent, subject-
matter and consideration provided for in section 1228 of said code, but is
only voidable and may be ratified.

ID.—PRESCRIPTION—MERCANTILE PARTNERSHIP—PURCHASE BY AGENT OF PROP-
ERTY BELONGING TO PRINCIPAL.—The period of prescription of four years
established by section 1268 of the Civil Code for the annulment of contracts
is applicable to an assignment of rights and interests in a mercantile co-
partnership made to himself by one partner as the attorney in fact of the
other partner in violation of section 1362 of the Civil Code, and the said
period of prescription having elapsed without any action having been brought
to annul the said contract, the contract is validated by prescription.

ID.—PURCHASE BY AGENT OF PROPERTY BELONGING TO PRINCIPAL—DEMURRER—
LACK OF CAUSE OF ACTION—RATIFICATION OF CONTRACT.—A complaint pray-
ing for the annulment of a deed of dissolution of partnership and an assign-
ment of rights and interests by a partner to himself as attorney in fact of
the other partner cannot be successfully demurred to on the ground that no
cause of action exists, because the said assignment was ratified by the fact
that the principal received the consideration for said assignment when the
complaint does not show that he knew that his attorney in fact and partner
had acquired for himself the rights and interests which the principal had in
the partnership.

The facts are stated in the opinion.

*Messrs. Jacinto Texidor* and *Francisco Socorro* for the
appellant.

*Messrs. Bosch & Soto* for the respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The object of the complaint filed in this action on August
19, 1912, is to secure a decree nullifying a public instrument
of May 15, 1902, in which the defendant, José Dimas Riera,

in his own right and also as attorney in fact of the plaintiff, dissolved the mercantile partnership of Riera & Company, antedated the liquidation to a balance which was struck on February 28, 1902, and as attorney in fact of the plaintiff assigned to himself the rights and interests of his principal as capital and earnings in the firm of Riera & Company in the amount stated in the instrument, which amount he acknowledged to have received for his principal but which he did not deliver until January, 1904.

The defendant having demurred to the complaint on the ground that the action for annulment brought had prescribed, pursuant to article 1301 of the Spanish Civil Code, equivalent to section 1268 of the Revised Civil Code, the demurrer was sustained by the District Court of San Juan, Section 1, in which the action was brought and judgment was rendered dismissing the complaint with costs against the plaintiff, who took the present appeal therefrom.

Although the provisions of the Spanish Civil Code are applicable, according to Rule 1 of the Temporary Provisions of the Revised Civil Code, because the contract whose annulment is sought was executed on May 15, 1902 (*Busó et al. v. Busó et al.*, 18 P. R. R., 864), nevertheless, as the provisions of both codes are identical as to the question under consideration in this appeal, our citations will refer to the present code.

The error assigned by the appellant in the judgment appealed from is that it improperly applies section 1268 providing that an action for the annulment of a contract must be brought within four years, because this action does not relate to a voidable contract but to a contract which is nonexistent for lack of consent, it having been executed in contravention of the express provisions of the law prohibiting an attorney in fact from purchasing property confided to him for administration or alienation, for which reason it lacks the essential requisites to constitute an obligation.

In the case of *Ledesma et al.* v. *Agrait et al.,* 19 P. R. R., 541, in discussing the question of whether a contract by which an attorney in fact purchases property belonging to his principal contrary to the prohibition of the statute, was merely voidable and, therefore, could be ratified or confirmed, after considering the question extensively we reached the conclusion that the law makes no distinction between void and merely voidable contracts, and that that contract, like the one now under consideration, contained all the requisites of section 1228, *i. e.,* consent, subject-matter and consideration, even though executed in violation of section 1362. In other words, although voidable because executed contrary to the statutory provision, such contracts exist and may be ratified.

Therefore, this being a voidable contract, it was necessary for the plaintiff to bring an action of nullity, for, as held by the Supreme Court of Spain in its judgment of April 11, 1894, "All contracts made contrary to an express provision of a prohibitive statute require the necessary action to establish the effectiveness of the prohibition violated." But, as it appears from the complaint that more than the four years allowed by law for the bringing of such an action had elapsed from the date on which the contract sought to be annulled was executed to the date on which the complaint was filed, it is clear that the action had prescribed, according to section 1268, hence we cannot hold that the lower court committed error in rendering judgment for the defendant on this ground.

Even though the respondent contends also that the complaint shows no cause of action because it appears therefrom that the contract whose annulment is sought was ratified by the plaintiff by the fact of his having received in 1904 the amount shown to be due him in the balance as capital and profits, as it does not appear from the complaint that he knew that his attorney in fact had acquired the property belonging to him, we are unable to sustain that ground of exception.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.